Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| FRANCISCO J. GARCÍA PEÑA<br><br>Recurrido<br><br>V.<br><br>GLORIA I. VELÁZQUEZ VILLARES<br><br>Peticionaria | TA2025CE00461 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón<br><br>Caso Núm.:<br>D DI2016-0520<br><br>Sobre:<br>Divorcio (RI) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

El 17 de septiembre de 2025, compareció ante este Tribunal de Apelaciones la señora Gloria I. Velázquez Villares (en adelante, señora Velázquez Villares o parte peticionaria) por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Resolución* emitida y notificada el 14 de agosto de 2025, por el Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Urgente Moción de Reconsideración* presentada por el señor Francisco J. García Peña (en adelante, señor García Peña o parte recurrida).

Por los motivos que se exponen a continuación, se desestima el recurso de epígrafe por falta de jurisdicción al ser prematuro.

**I**

Conforme surge del expediente ante nuestra consideración, la señora Velázquez Villares y el señor García Peña se divorciaron el 15 de agosto de 2016.[1] Durante la vigencia de su matrimonio, estos

---

[1] Apéndice del recurso de *certiorari*, entrada número 3.

procrearon al menor LJGV. Como parte de la sentencia que disolvió el matrimonio, se determinó que, la señora Velázquez Villares mantendría la custodia del menor LJGV. Asimismo, a través de esta, se fijó una pensión alimentaria provisional de $1,400.00, a ser pagada quincenalmente, los días 1 y 15 de cada mes.

Posteriormente, el 10 de septiembre de 2020, notificada al próximo día, el foro recurrido fijó una pensión alimentaria final a favor del menor LJGV de $1,454.29 quincenales, así como una aportación del 54.53% por gastos suplementarios.[2]

Así las cosas, el 12 de septiembre de 2024, el señor García Peña presentó *Moci[ó]n de Rebaja de Pensi[ó]n Alimenticia.*[3] En virtud de esta, sostuvo que, ya habían transcurrido tres (3) años desde que la pensión había sido establecida, por lo que procedía su revisión. Añadió que, tanto sus circunstancias como las del menor LJGV habían cambiado. En detalle, precisó que, el menor LJGV se encontraba cursando estudios universitarios, y sus gastos habían variado. Así, sugirió pagar una cantidad de $1,400.00 por concepto de pensión alimentaria y, solicitó la celebración de una vista.

Transcurridas varias incidencias procesales innecesarias pormenorizar, el 23 de octubre de 2024, notificada al próximo día, la Examinadora de Pensiones Alimentarias, señora Janet Soltero Lugo, emitió un *Acta.*[4] Mediante esta, hizo constar que, el 21 de octubre de 2024, se había celebrado una vista sobre revisión de pensión alimentaria. Empero, reseñó que, las partes habían solicitado un nuevo término para realizar el descubrimiento de prueba. A esos efectos, ordenó, tanto a la peticionaria como al recurrido, presentar la Planilla de Información Personal y Económica (PIPE) correspondiente, así como el Formulario de Datos

---

[2] *Íd.*, entrada número 4. Los gastos suplementarios comprendían gastos de regreso a clases, tutorías, gastos médicos no cubiertos por el plan, gastos extraordinarios y de actividades extracurriculares.
[3] Apéndice del recurso de *certiorari*, entrada número 5.
[4] *Íd.*, entrada número 11.

Personales, en un término de quince (15) días. Asimismo, señaló una nueva vista para el 17 de enero de 2025.

No obstante, el 15 de enero de 2025, el señor García Peña solicitó el traslado de la vista, puesto que se encontraba fuera de la jurisdicción.[5] Ante ello, el 17 de enero de 2025, el señor Luis A. Figueroa López, Examinador de Pensiones Alimentarias, emitió y notificó *Orden* declarando con lugar la solicitud.[6] Consecuentemente, transfirió la vista para el 11 de marzo de 2025. Cabe señalar que, el Examinador de Pensiones Alimentarias ordenó a ambas partes a presentar sus PIPE, la evidencia de sus ingresos, y constancia de los gastos del menor LJGV.

Posteriormente, el 13 de marzo de 2025, el Tribunal de Primera Instancia emitió *Orden.*[7] A través de esta, detalló que, el señor García Peña no había comparecido a la vista señalada para el 11 de marzo de 2025. A esos efectos, le concedió un término de diez (10) días al recurrido para (1) indicar las razones de su ausencia y, (2) mostrar causa por la cual no procedía la desestimación de su petitorio.

En cumplimiento, el 24 de marzo de 2025, el recurrido instó *Moción Informativa en Cumplimiento de Orden.*[8] Por medio de esta, señaló que, no compareció a la vista en cuestión por inadvertencia. Así, solicitó que se calendarizara una nueva vista.

Más adelante, el 31 de marzo de 2025, la señora Velázquez Villares instó *Escrito Urgente Solicitando el Auxilio del Tribunal.*[9] En este, sostuvo que, el señor García Peña no había cumplido con el descubrimiento de prueba. En detalle, indicó que, para el 19 de septiembre de 2024, había cursado al recurrido un *Primer Pliego de Interrogatorios y Requerimientos de Producción de Documentos.*

---

[5] *Íd.*, entrada número 12.
[6] *Íd.*, entrada número 13.
[7] *Íd.*, entrada número 14.
[8] *Íd.*, entrada número 15.
[9] *Íd.*, entrada número 17.

Adujo que, tras no recibir respuesta, el 8 de octubre de 2024, volvió a cursar los documentos. Manifestó que, al persistir la falta de respuesta, el 14 de enero de 2025, y el 17 de febrero de 2025, solicitó nuevamente las contestaciones al interrogatorio. Expresó que, pese a todos esos intentos, el señor García Vargas no había remitido su contestación ni los documentos requeridos.

El 2 de abril de 2025, notificada el 4 de abril de 2025, el foro primario concedió un término final de diez (10) días al recurrido para cumplir con el descubrimiento de prueba, so pena de sanciones económicas y honorarios de abogado.[10]

No surge del expediente que el señor García Peña hubiese cumplido con lo ordenado.

Así las cosas, el 3 de julio de 2025, la señora Velázquez Villares presentó *Escrito Solicitando la Desestimación de la Petición de Rebaja de Pensión Alimentaria.*[11] A grandes rasgos, la peticionaria solicitó la desestimación del pleito, en vista del reiterado incumplimiento del señor García Peña para con el descubrimiento de prueba.

El 30 de julio de 2025, el Tribunal de Primera Instancia emitió *Resolución.*[12] En virtud de esta, el foro recurrido razonó que, el señor García Peña había mostrado un comportamiento obstinado, contumaz y rebelde al incumplir con las órdenes emitidas por el Tribunal. A esos efectos, el tribunal *a quo* declaró Ha Lugar la moción dispositiva presentada por la peticionaria. Consecuentemente, desestimó sin perjuicio la petición de rebaja de pensión alimentaria instada por el señor García Peña. Adicionalmente, el tribunal primario le impuso a este último una

---

[10] *Íd.*, entrada número 18.
[11] *Íd.*, entrada número 20.
[12] *Íd.*, entrada número 21.

sanción de $1,000.00 por concepto de temeridad, y una suma de $3,000.00 por honorarios de abogado.

En desacuerdo, el 29 de julio de 2025, el recurrido instó *Urgente Moción de Reconsideración.*[13] Adujo que, la sanción impuesta imponía una carga económica desproporcional a quien precisamente había solicitado una revisión de su obligación alimentaria. Además, reconoció no haber comparecido a la vista ni cumplir con el descubrimiento de prueba, más, alegó que, no había actuado con contumacia, sino que, había enfrentado limitaciones y circunstancias personales que afectaron su diligencia procesal. Añadió que, la desestimación debía ser considerada como última opción en casos con craso y reiterado incumplimiento. Por último, se comprometió a someter su PIPE, contestar el pliego de interrogatorios y producir los documentos requeridos en un término de diez (10) días.

El 31 de julio de 2025, la señora Velázquez Villares instó *Oposición a Urgente Moción de Reconsideración.*[14] En esencia, sostuvo que, el recurrido no proveyó explicaciones concretas que le permitieran al Tribunal evaluar si estas constituían justa causa para su repetido incumplimiento. Añadió que, la desestimación de su solicitud constituía una consecuencia justa para sus actuaciones. Por último, adujo que, el recurrente había provocado que ella tuviese que emplear recursos económicos propios para salvaguardar los intereses del menor.

Atendidos los escritos de las partes, el 14 de agosto de 2024, el foro primario emitió *Resolución.*[15] En virtud de esta, declaró con lugar la solicitud de reconsideración, para conceder una última fecha ante la Examinadora de Pensiones Alimentarias. Sin embargo,

---

[13] *Íd.*, entrada número 22.
[14] *Íd.*, entrada número 23.
[15] *Íd.*, entrada número 29.

concluyó que, no encontró justa causa para los incumplimientos del señor García Peña, por lo que, impuso una serie de multas, ascendentes a $400.00.

Adicionalmente, el tribunal recurrido impuso varias sanciones al señor García Peña por la serie de incumplimientos en cuestión.

Inconforme, el 29 de agosto de 2025, la señora Velázquez Villares presentó *Escrito Solicitando Reconsideración de Resolución y Determinaciones Adicionales de Hecho y Derecho.*[16] En primer orden, sostuvo que, la enmienda sustancial al resultado del caso constituyó la imposición de una sanción económica en su contra, pues el comportamiento del recurrido le había conllevado gastos y honorarios de abogado sustanciales. Añadió que, la sanción impuesta al señor García Peña representaba un premio por sus actuaciones sin justa causa. De otra parte, solicitó que se emitieran dos (2) determinaciones de hechos adicionales, y ocho (8) conclusiones de derecho.

Aún pendiente de adjudicación la referida moción, el 17 de septiembre de 2025, la peticionaria presentó ante este foro revisor el recurso de *certiorari* que nos ocupa, y nos solicita la revisión de la *Resolución* emitida por el foro *a quo* el 14 de agosto de 2025. En su recurso, esgrimió los siguientes señalamientos de error:

Primer error:

Erró el TPI al dejar sin efecto la desestimación de la Solicitud de Rebaja de Pensión Alimentaria a pesar del reiterado, contumaz y rebelde incumplimiento del recurrido con el descubrimiento de prueba, la asistencia a las vistas antes el/la EPA y las órdenes del Tribunal.

Segundo error:

Erró el TPI en señalar vista ante el/la EPA sin antes asegurarse que el recurrido ha cumplido con el descubrimiento de prueba y al no proveer a la peticionaria un término razonable para concluir con su descubrimiento de prueba.

---

[16] *Íd.*, entrada número 32.

Tercer error:

Erró el TPI en reducir a una suma nominal la cuantía impuesta originalmente al recurrido por concepto de honorarios de abogado a pesar de haber actuado sin justa causa y el récord demostrar que tales actuaciones fueron exhibir un patrón de conducta obstinado, contumaz y rebelde o en la alternativa, sin haber celebrado una vista para determinar la cuantía real por concepto de honorarios de abogado incurridos por causa de las actuaciones del recurrido.

Por no entenderlo necesario, prescindimos de la comparecencia de la parte recurrida.[17]

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[18]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025)., dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

---

[17] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 12-13, 215 DPR __ (2025), este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

[18] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa

etapa evitará un perjuicio sustancial*". Zorniak Air Servs. V. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 745 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v Madera Atiles*, 202 DPR 495, 499-500 (2019); *Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Miranda Corrada v. DDEC et al.,* supra; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022) *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v Madera Atiles*, supra; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v. AAA*, supra; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

## C. *Reglas 52.2 y 47 de Procedimiento Civil*

La Regla 52.2(b) de procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b) dispone que, los recursos de *certiorari* ante el Tribunal de Apelaciones para revisar resoluciones u órdenes interlocutorias, deberán presentarse dentro del término de treinta (30) días desde la fecha de notificación de la resolución u orden. *AFI v. Carrión Marrero y otros*, 209 DPR 1, 5 (2022). De igual forma, la referida regla establece múltiples instancias en las que el aludido término puede ser interrumpido. En lo pertinente, la Regla 52.2(g), 32 LPRA Ap. V, R. 52.2(g), dispone lo siguiente:

> (g) *Interrupción del término para presentar una solicitud de certiorari ante el Tribunal de Apelaciones*. El transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de *certiorari* se interrumpirá y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47.

En ese sentido, la Regla 47 de Procedimiento Civil, 32 LPRA, Ap. V, R. 47, dispone como sigue:

> **Regla 47. Reconsideración**
>
> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.
>
> [...]

> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes**. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> [...] (Énfasis nuestro).

En otras palabras, una vez una de las partes presente una moción de reconsideración, los términos para recurrir de la decisión del foro de primera instancia quedarán interrumpidos para todas las partes del pleito.

Esbozada la normativa jurídica, procedemos a disponer del recurso ante nuestra consideración.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado.

De conformidad al tracto procesal antes reseñado, luego de que el foro primario emitiera la *Resolución* del 14 de agosto de 2025, la señora Velázquez Villares instó oportunamente *Escrito Solicitando Reconsideración de Resolución y Determinaciones Adicionales de Hecho y Derecho*. No obstante, aun estando la moción pendiente de adjudicación, el 17 de septiembre de 2025, la peticionaria acudió ante este foro revisor mediante el recurso que nos ocupa.

Como mencionamos anteriormente, la parte afectada por alguna orden o resolución interlocutoria puede presentar un recurso de *certiorari* impugnando dicho dictamen dentro de los treinta (30) días siguientes a la fecha en que el dictamen fue notificado.[19] Ahora bien, una vez se presente una moción o solicitud de reconsideración de alguna orden o resolución interlocutoria, el referido término de treinta (30) días para acudir ante este Tribunal de Apelaciones

---

[19] 32 LPRA Ap. V, R. 52.2.

queda interrumpido.[20] Dicho término comenzará a transcurrir nuevamente cuando se notifique y archive en autos la resolución que resuelva la solicitud de reconsideración.[21]

Toda vez que, en el presente caso, el foro primario aún no ha atendido la solicitud de reconsideración y de determinaciones de hechos adicionales presentada por la peticionaria, los términos para recurrir ante nos no han comenzado a transcurrir. De modo que, el recurso de epígrafe fue presentado de forma prematura, lo que nos priva de autoridad para entender en sus méritos.

En consecuencia, procedemos a desestimar el recurso de *certiorari*, de conformidad con la Regla 83 del Reglamento de este Tribunal, *supra*, la cual nos confiere facultad para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

Por último, aclaramos que, lo aquí resuelto no impide que la parte peticionaria comparezca nuevamente ante este Tribunal dentro del término jurisdiccional dispuesto por nuestro ordenamiento legal. Ello, una vez el foro recurrido emita su dictamen respecto a la moción de reconsideración que tiene ante su consideración pendiente de adjudicación.

**IV**

Por los fundamentos expuestos, se desestima el recurso de *certiorari* por falta de jurisdicción al ser prematuro.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] 32 LPRA, Ap. V, R. 47
[21] *Íd.*